IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 16 CR 548 |
| | ) | |
| MARVIN McNEELEY | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Marvin McNeeley has filed a motion for compassionate release under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to permit a court to reduce a defendant's sentence when there are "extraordinary and compelling reasons" warranting a reduction. In 2017, the Court sentenced Mr. McNeeley to a prison term totaling ninety-six months—eight years—after he pled guilty to a charge of bank robbery. Mr. McNeeley is incarcerated at Pekin FCI. He was taken into custody on August 29, 2016 at the time of his arrest and has been in custody continuously since that date. He has thus far served a little under fifty-three months, which is about fifty-five percent of the prison term imposed by the Court. Mr. McNeeley's anticipated release date is July 20, 2023, about two and one-half years from how.

Mr. McNeeley seeks a reduction of his sentence to time served based on the risks to his health posed by the coronavirus pandemic. It is undisputed that Mr. McNeeley has satisfied section 3582(c)(1)(A)'s requirement to exhaust internal Bureau of Prisons remedies before seeking relief in court.

The policy statements issued by the Sentencing Commission prior to the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Mr. McNeeley as a basis for early release. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.); *cf. United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (court may rely on pre-First Step Act policy statements by Sentencing Commission in determining what constitutes an extraordinary and compelling reason warranting release).

The Court finds that Mr. McNeeley, who is seventy-five years old, meets the "extraordinary and compelling circumstances" requirement. His age alone increases his risk of serious illness from contracting the coronavirus, and the same is true of his medical conditions as described in the presentence report, specifically, diabetes, hypertension, and asthma, as well as hepatitis C. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 18, 2021). Pekin FCI has experienced a significant incidence of coronavirus infections among inmates. Over 800 inmates have tested positive, though none have died and over 700 have recovered. There are ninety-two inmates at the prison currently testing positive. *See* https://www.bop.gov/coronavirus/ (last visited Jan. 18, 2021).

This, however, does not automatically entitle Mr. McNeeley to a sentence reduction. Before a court may reduce a sentence, it must consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). These include Mr. McNeeley's history and characteristics; the nature and

circumstances of his crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Mr. McNeeley; and providing him with any necessary services and treatment.

Mr. McNeeley has a fifty-year history of committing robberies, including a number of armed robberies. His first conviction for armed robbery, which involved beating the victim, was in 1969. Mr. McNeeley also has convictions for robbery or armed robbery from 1972, 1974, 1983, 1989, and 2006. The last three of those cases, plus the present one, involved bank robberies, all four of which resulted in federal convictions—making Mr. McNeeley one of only two people with four separate federal convictions whom the Court can recall encountering in its forty years at the bar and on the bench. In all, Mr. McNeeley has over twenty felony convictions, and he has served time in prison on at least seven separate occasions.

Mr. McNeeley is now an elderly man, but unlike most people his age, he has not "aged out" of criminality: he committed the bank robbery for which he is now serving time when he was seventy-one years old, only sixteen months after his release from prison for his previous bank robbery and while he was still on supervised release. In Mr. McNeeley's motion, he says that no one has gotten hurt during his bank robberies. That is true, but it's only a matter of luck. In his previous federal case, in which Mr. McNeeley admitted to *sixteen separate bank robberies*, either he or a co-defendant possessed a firearm in seven of them. This meant that everyone present was at risk of harm. And even when no one is physically armed during a robbery, victims are placed in fear and are often threatened. In addition, given the ubiquity of firearms in our society

3

today (not to mention armed security guards), there is an inherent risk of violence when it becomes apparent that a robbery is occurring.

The Court gave Mr. McNeeley a significant break when it imposed a below-guidelines sentence in the present case. But Mr. McNeeley's lifetime of criminality and his penchant for committing robberies, even as a senior citizen, counsel against releasing him early. In the Court's view, the need to protect the public from Mr. McNeeley and to provide just punishment for his offense outweighs the fact that he is at risk due to the coronavirus. In short, the Court is not persuaded that consideration of the factors in 18 U.S.C. § 3553(a) warrants a reduction of Mr. McNeeley's sentence.

## Conclusion

For the reasons stated above, the Court respectfully denies Mr. McNeeley's motion for compassionate release [56].

Date: January 19, 2021

                                                  MATTHEW F. KENNELLY
                                                  United States District Judge